COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                 FORT
WORTH

 

 

                                        NO.
2-09-378-CV

 

 

NATIONAL TRANSMISSION                                                   APPELLANT

 

                                                   V.

 

BRIAN BOLTZ                                                                        APPELLEE

 

                                              ------------

 

         FROM COUNTY
COURT AT LAW NO. 2 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

Appellant National Transmission attempts to
appeal from a final judgment  in favor of
Appellee Brian Boltz.  Because National Transmission=s notice of appeal
was untimely filed, we dismiss the appeal for want of jurisdiction. 








The trial court
signed the judgment at issue on June 30, 2009. Accordingly, National
Transmission=s notice of appeal was due thirty days later, on July
30, 2009.  See Tex. R. App. P.
26.1 (providing that the notice of appeal must be filed within thirty days
after the judgment is signed).[2]  National Transmission filed its notice of
appeal on October 20, 2009.

Because National
Transmission=s notice of appeal appeared to be untimely filed, we
notified it on October 28, 2009, of our concern that this court might not have
jurisdiction over its appeal.  We
informed it that unless it or any party desiring to continue the appeal filed
with the court, on or before November 9, 2009, a response showing grounds for
continuing the appeal, this appeal would be dismissed for want of
jurisdiction.  See Tex. R. App. P. 42.3(a), 44.3.  National Transmission has failed to file a
response.  








The times for
filing a notice of appeal are mandatory and jurisdictional, and absent a timely
filed notice of appeal or extension request, we must dismiss the appeal.  See Tex. R. App. P. 25.1(b), 26.1,
26.3; Verburgt v. Dorner, 959 S.W.2d 615, 617 (Tex. 1997).  Because National Transmission=s notice of appeal
was not timely filed, we dismiss its appeal for want of jurisdiction.  See
Tex. R. App. P. 42.3(a), 43.2(f).

PER CURIAM

 

PANEL:  MCCOY, J.; CAYCE, C.J.; and MEIER, J.

DELIVERED:
December 23, 2009











[1]See Tex. R. App. P. 47.4.





[2]There are exceptions to
the thirty-day requirement, but none would appear to apply here.  See Tex. R. App. P. 25.1(d)(7)
(setting out the requirements for a notice of appeal in a restricted appeal),
26.1(a)(1)B(4) (setting out how to
extend filing deadline from thirty days to ninety), 26.1(c) (stating that the
deadline for filing a restricted appeal is six months after the judgment is
signed), 26.3 (stating the rule for requesting an extension of time to file a
notice of appeal), 30 (addressing restricted appeals).